**KEYHAN MOHANNA**
1405 Greenwich Street, Apt. #2
San Francisco, California 94109
Telephone: (415) 420-1237
Facsimile: (415)474-2900
Email: keyhan6@yahoo.com

PLAINTIFF IN PRO SE



FILED
MAY 19 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

DMR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEYHAN MOHANNA, INDIVIDUALLY AND KEYHAN MOHANNA, TRUSTEE OF THE KEYHAN MOHANNA REVOCABLE TRUST DATED JULY 8, 2003 <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER WITH WACHOVIA MORTGAGE, FSB; FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB ITS SUCCESSORS AND/OR ASSIGNS and DOES 1-25, Inclusive <br><br> Defendants. | Case No. **CV21   3797** <br><br> 1. WRONGFUL FORECLOSURE <br> 2. VIOLATION OF U.C.C. §3302, et Seq. <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff KEYHAN MOHANNA, individually and as Trustee

of the KEYHAN MOHANNA REVOCABLE TRUST DATED JULY 8, 2003

- 1 -

COMPLAINT

("Plaintiff" or "MOHANNA"), files this Complaint against Defendants WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER WITH WACHOVIA MORTGAGE, FSB; FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB ITS SUCCESSORS AND/OR ASSIGNS, herein after referred to as "WELLS FARGO," in the capacity as the purported "foreclosing beneficiary and mortgage loan servicer" of Plaintiff's mortgage debt obligation, and Does 1-10, complains, pleads and alleges as follows:

## I.  INTRODUCTION

This is an action brought by Plaintiff MOHANNA, against Defendant WELLS FARGO, and Does 1-10, inclusive, for Wrongful Foreclosure and Violation of *Uniform Commercial Code* (hereinafter referred to as "U.C.C.") *§3302* of the property located at: 1405 Greenwich Street, Unit #1, San Francisco, CA 94109, hereinafter referred to as the "Subject Property."

Plaintiff alleges that WELLS FARGO was not the "foreclosing beneficiary" of the mortgage debt obligation on July 25, 2014 as claimed on the Trustee's Deed of Sale, hereinafter referred to as "TDUS," recorded on Friday, August 8, 2014 as Instrument Number 2014-J925179-00 in the San Francisco County Recorder's Office.   Plaintiff alleges there was no legal or valid transfer of the mortgage debt obligation to Defendant that gave them the legal right and/or authority to enforce the power of sale contained in the deed of trust to the Subject Property.

- 2 -

COMPLAINT

Plaintiff alleges Defendant was not the "beneficiary," "holder in due course," or a "person entitled to enforce" the mortgage debt obligation pursuant to California *Civil Code §2924 et seq.*, *Commercial Codes §§3201, 3203*, and *3302 et seq.*

The thrust of Plaintiff's case is that, as a result of fraudulent documents and egregious breaches of agreements involving the mortgage debt obligation on the Subject Property, the named Defendants in this action were not the true beneficiary or a real party in interest under the Deed of Trust having the power to collect payments or to exercise the power of sale due to non-payment on the mortgage debt obligation.

This situation arises from the fact that the mortgage loan obligation to the Subject Property was not transferred to WELLS FARGO as a result of the merger between them and Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, its Successors and/or Assigns.   As a consequence of the lack of transfer prior to the default on the mortgage debt obligation, Plaintiff alleges Defendants could not have been the true beneficiary(ies) of his mortgage debt obligation.  Defendants have claimed ownership to the mortgage debt obligation by recording instruments in the San Francisco County Recorder's office.  Plaintiff adamantly disputes these instruments.

//

- 3 -

COMPLAINT

The true beneficiary is unknown after the chain of title to the property was irreversibly broken when the originator of Plaintiff's mortgage debt obligation failed to effectively transfer, assign and convey the transfer or purchase of the mortgage debt obligation to another prior to it being in default. Thus, no transfer or negotiation of the note could have occurred.

Plaintiff alleges that his real property was falsely encumbered by parties through third party, off-record transactions. Parties known and unknown to Plaintiff have used a system of filing false instruments within the public in a scheme to dispossess Plaintiff of his property. Plaintiff alleges that Defendants willfully, negligently and with malice aforethought, filed, or caused to be filed, a series of documents known to be false at the time of the execution and filing of the instruments in the public record against Plaintiff's interests.

Plaintiff alleges that, if left outstanding, the records to the San Francisco County Recorder's office would be permanently corrupted at the expense of the Plaintiff and the public as a whole. This is in direct contradiction to public policy. The legislative intent of the Recording statute is corrupted by the allowance of a false instrument to adversely affect Plaintiff and future generations of Californians. Plaintiff, as a citizen of the state of California, have rights to the legislation's intended purpose of the Recording statute and the protections afforded under such rights.

COMPLAINT

Plaintiff alleges that the beneficiary to a note and deed of trust, as a contract, is the party entitled to payment of the debt obligation, and such Article III standing **_must_** be proved up by the Law of Assignments (Article IX, U.C.C.) or transfers and mergers, as more fully described below therein. Any allegation of the agency relationship must rely upon a foundation of facts and evidence to such a relationship by parties with personal, first-hand knowledge of those facts.

## II.  <u>STATEMENT OF JURISDICTION</u>

This Court has original jurisdiction over the claims in this action based on *28 U.S.C. §1331, 15 U.S.C. §1692, et seq.*, and *28 U.S.C. §1367* for supplemental state claims and *42 U.S.C. §1983* which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

The unlawful conduct, illegal practices, and acts complained of and alleged in this   Complaint were all committed in the Northern District of California and involved real property located in the Northern District of California. Therefore, venue properly lies in this District, pursuant to *28 U.S.C. §1391(b).*

## III.  <u>DATE OF DETERMINATION</u>

Plaintiff herein requests that the date of the Judicial determination sought be that of the date of the filing of the initial Complaint.

## IV.  <u>IDENTITY OF PARTIES</u>

At all relevant times, Plaintiff MOHANNA, has an equitable interest of title

- 5 -

COMPLAINT

to the Subject Property.

Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto Defendant, WELLS FARGO is a national banking and lending institution licensed to do business in the State of California. Plaintiff is informed and believe Defendant WELLS FARGO is one who regularly collects or attempts to collect, directly or indirectly, debts owed to due or asserted to be owed or due to themselves or asserted to be owed or due another and attempts to enforce security interests in real properties. WELLS FARGO was a "debt collector" pursuant to the California Fair Debt Collection Practices Act, hereinafter referred to as the "Rosenthal Act," *Civil Code §1788, et seq*. WELLS FARGO was a "debt collector" pursuant to Civil Code *§1788.17; 15 U.S.C §1692a(6)* of the federal Fair Debt Collection Practices Act, hereinafter referred to as "FDCPA." WELLS FARGO claimed to be the "foreclosing beneficiary, of Plaintiff's mortgage debt obligation on August 8, 2014.

WELLS FARGO claims they were granted all beneficial interest in the Deed of Trust from World Savings Bank, FSB, hereinafter referred to as "WSB," the originating lender, when they acquired all of Wachovia Mortgage, FSB's, hereinafter referred to as "Wachovia," assets. Plaintiff contends that when Defendant WELLS FARGO acquired the remaining assets of Wachovia, it did not include Plaintiff's debt obligation.

COMPLAINT

Plaintiff is unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names DOES 1 to 10, inclusive or, to the extent that the names of such individuals or entities may become known to Plaintiff, and as such Plaintiff cannot state with any certainty that such a Cause of Action lies herein as against such individuals or entities, or Plaintiff is unable to allege the elements of such Cause of Action, at this time, and as such said Defendants are herein named in accordance with the provisions of (*Cal Code of Civil Procedure Sec. 474*).  Plaintiff thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendants when the same become known or when it has been ascertained with reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity.

Plaintiff is informed and believes and thereon alleges, that in committing certain acts alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners, Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope and agency of such relationship.

//

- 7 -

COMPLAINT

Plaintiff is informed and believes Defendant WELLS FARGO is one who enforces security interests by taking and/or threatens to take any nonjudicial action to effect dispossession or disablement of property without the legal right or authority to do so within the meaning of the FDCPA *15 U.S.C. §1692f(6)*. Plaintiff is informed and believes Defendant WELLS FARGO was not the "foreclosing beneficiary" of the mortgage debt obligation and therefore wrongfully foreclosed on the subject property, thereby violating the foreclosure statutes pursuant to on the subject property, thereby violating the foreclosure statutes pursuant to California *Civil Code §2924, et seq.*

Defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs complained herein. The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, inter alia, to financially benefit Defendants at the expense of Plaintiff by engaging in fraudulent activities. Defendants accomplished their conspiracy, common enterprise, and common course of conduct by misrepresenting and concealing material information regarding the servicing of loans, and by taking steps and making statements in furtherance of their wrongdoing as specified herein. Each Defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct complained of

- 8 -

COMPLAINT

herein, and was aware of its overall contribution to and furtherance thereof. Defendants' wrongful acts include, inter alia, all of the acts that each of them are alleged to have committed in furtherance of the wrongful conduct of complained of herein.

Any applicable statute of limitations has been tolled by the Defendants' continuing, knowing, and active concealment of the facts alleged herein. Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

In the alternative, Defendants should be estopped from relying on any statutes of limitations. Defendants have been under a continuing duty to disclose the true character, nature, and quality of their financial services and debt collections practices. Defendants owed Plaintiff an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty.

Plaintiff alleges on information and belief that each of these Defendants were in some manner legally responsible for the acts herein alleged and for Plaintiff's damages.

Plaintiff alleges that an actual controversy has arisen and now exists between Plaintiff and Defendants.

//

COMPLAINT

## V.   **SUBJECT REAL PROPERTY AT ISSUE**

The Real Property (herein after referred to as "Property"), the subject of any and all claims of any of the Parties hereto, and which is the subject of instant action, and that of which Plaintiff prays for a Decree and/or Order of Declaratory Relief and Quiet Title thereto.   The "Subject Property" address and legal description is as follows:   1405 Greenwich Street, #1, San Francisco, CA 94109. More particularly, the legal description of this property is:

CONDOMINIUM UNIT NO. 1, LOT 50, INCLUSIVE, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET" WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, PAGES 60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED

TO HEREIN AS "THE DECLARATION").

Assessor's Parcel No: 0523-050.

## VI.   FACTUAL ALLEGATIONS

1.    Plaintiff, MOHANNA, is an individual currently residing in the County of San Francisco who claims an equitable interest in the Subject Property.

2.    On December 21, 2006, Plaintiff executed a Deed of Trust and Promissory Note (mortgage debt obligation) in favor of World Savings Bank, FSB, Its Successors and/or Assignees, as the lender, hereinafter referred to as "WSB." The deed of trust was recorded on Thursday, December 28, 2006 as Instrument No. 2006-I304945-00 in the San Francisco County Recorder's office.

3.    After falling behind in payments due to the financial crash in 2007-2008, Plaintiff's mortgage debt obligation went into default sometime in 2010.   As a result of Plaintiff's default, a series of foreclosure documents were recorded against the Subject Property in preparation of a non-judicial foreclosure.

4.    In 2006, Wachovia acquired Golden West Financial Corporation which included WSB, Plaintiff's original lender.   With this merger, Wachovia gained mortgage lending operations under the WSB name.   Plaintiff alleges that the Note and Deed of Trust (mortgage debt obligation) was sold, transferred, or assigned to a Mortgage Pass-Through Certificate known as the World Savings Bank Mortgage Pass-Through Certificates REMIC 28, hereinafter referred to as WSR 28 Trust,

COMPLAINT

prior to Defendant WELLS FARGO's acquisition of WSB in 2008. Plaintiff alleges this transfer occurred or should have occurred on or before February 26, 2007. Bank of New York Mellon, hereinafter referred to as "BNYM," was purportedly the Trustee of the WSR 28 Trust.

5.    Despite WELLS FARGO's failure to perfect a security interest, they and their agents had attempted to collect on Plaintiff's Note and enforce the Deed of Trust with the knowledge that they had no legal right to do so. Plaintiff alleges they did not have legal right and/or authority.

6.    Plaintiff experienced a financial hardship and a decrease in which ultimately led him to fall into default. Plaintiff alleges when Defendant WELLS FARGO purportedly acquired the servicing rights and purported beneficiary status of Plaintiff's mortgage debt obligation, the mortgage debt obligation was in default and had an uncured default in respect to payments.

7.    On Friday, February 12, 2010, Defendant WELLS FARGO authorized its purported agent NDEx West, LLC, hereinafter referred to as "NDEx," to execute and record a Notice of Default, hereinafter referred to as "NOD." The NOD was executed by NDEx prior to a Substitution of Trustee, hereinafter referred to as "SOT" being executed and recorded authorizing them to carry out such an action. Plaintiff adamantly disputes the contents, truthfulness and accuracy of this instrument.

COMPLAINT

8.     On Thursday, March 11, 2010, Defendant WELLS FARGO executed a a SOT that attempted to substitute the original trustee to NDEx as the "foreclosing trustee."  Plaintiff alleges Defendant WELLS FARGO was not the beneficiary of his mortgage debt obligation that had the authority to execute the SOT in violation of California *Civil Code §2934a, et seq*.  Plaintiff alleges NDEx was not the legally substituted trustee to commence and complete a non-judicial foreclosure as claimed on the TDUS.  Plaintiff adamantly disputes the contents, truthfulness and accuracy of this instrument.

9.     On Friday, May 30, 2014, Defendant WELLS FARGO authorized its purported agent, NDEx, to execute and record a Notice of Trustee's Sale, hereinafter referred to as "NOTS," as Instrument No. 2014-J889118-00 in the San Francisco County Recorder's office.  Plaintiff alleges Defendant had no legal right or authority to authorize NDEx to carry out such an action.    Plaintiff adamantly disputes the contents, truthfulness and validity of this instrument.

10.     On July 25, 2014, Defendant WELLS FARGO proceeded with a non-judicial foreclosure against the Subject Property.  A TDUS was recorded on Friday, August 8, 2014 as Instrument No. 2014-J925179-00 in the San Francisco County Recorder's office.  Plaintiff adamantly disputes the contents, truthfulness and validity of this instrument.

//

- 13 -

COMPLAINT

11.     Plaintiff could not have reasonably known the Defendant had a legal and colorable claim to his mortgage debt obligation.   Plaintiff alleges he was deceived and deprived of Defendants claim to be the foreclosing beneficiary of his mortgage debt obligation.

12.     It is an undisputed fact that Defendant WELLS FARGO was a debt collector under the Rosenthal Act (*Civil Code §1788.2(c)*).   Plaintiff alleges that Defendant WELLS FARGO never became a holder or a holder in due course of Plaintiff's mortgage debt obligation pursuant to *U.C.C. §3302*.

13.     As a result of Defendants' conduct, Plaintiff has been forced to file this lawsuit and enforce his rights against Defendants.   Plaintiff has suffered from emotional distress, depression, mental anguish, and anxiety as a result of Defendants' actions and the subsequent loss of the Subject Property.

## FIRST CAUSE OF ACTION – WRONGFUL FORECLOSURE
[Against Defendant and Doe Defendants]

14. Plaintiff re-alleges hereby incorporates by reference all preceding paragraphs as though fully set forth hereafter.

15.     Plaintiff is informed and believes, and alleges the mortgage debt obligation, Note and Deed of Trust were not originated by Defendant WELLS FARGO and Does 1-10, inclusive, and each of them.   Although Defendant WELLS FARGO claims to have been the foreclosing beneficiary of the mortgage

- 14 -

COMPLAINT

debt obligation, there are no documents in the recorded chain of title to the Subject Property that leads to Defendant WELLS FARGO's ownership of the mortgage debt obligation.

16.    Despite the fact that the mortgage debt obligation was not transferred or acquired by Defendant WELLS FARGO prior to default, Defendant proceeded with a non-judicial foreclosure on the Subject Property on July 25, 2014.  Upon information and belief, Defendant was not the foreclosing beneficiary of Plaintiff's mortgage debt obligation as claimed on the TDUS.  Plaintiff is informed and believes and alleges that WELLS FARGO never had an interest in neither the Note nor the Deed of Trust that would have given them the authority to proceed with a non-judicial foreclosure due to non-payment on July 25, 2014.

17.  Plaintiff is informed and believes and alleges, Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, did not have ownership and/or possession of the Note and Deed of Trust on July 25, 2014.  Plaintiff is informed and believes and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, failed to negotiate and obtain possession of the mortgage debt obligation (both the Note and Deed of Trust) because the debt transferred to the WSR 28 Trust prior to the acquisition of Wachovia's assets.  Plaintiff is informed and believes and alleges that negotiation of the note could not have taken place because there was an uncured default in respect to payments.

COMPLAINT

18.   Plaintiff is informed and believes, and alleges that Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, failed to strictly follow the mandatory requirements of *Civil Code 2924(a)(1)(C)*.  According to the statute, a stranger to a mortgage debt obligation cannot elect to invoke the power of sale in a deed of trust.  The power of sale is reserved exclusively for the "beneficiary" of the mortgage debt obligation.  Plaintiff is informed and believes, and alleges Defendants WELLS FARGO, Does 1-10, inclusive, and each of them, and any other entity, were complete strangers to the mortgage debt obligation.  Plaintiff is informed and believes and alleges that said Defendants fabricated the SOT, NOT, NOTS, and TDUS to demonstrate their false authority.

19.   Plaintiff is informed and believes Defendants WELLS FARGO and/or Does 1-10, inclusive, and each of them, did not have the legal right or authority to initiate and complete a foreclosure sale on July 25, 2014 because they were not the "beneficiary," "holder in due course," "person entitled to enforce," or an agent of the true "beneficiary," "holder in due course," or a "person entitled to enforce."

20.   Plaintiff is informed and believes that Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, was not a "holder in due course" pursuant to *Commercial Code §3302 et seq*.  Plaintiff further is informed and believes that Defendant WELLS FARGO was not a "holder in due course" despite the fact the mortgage debt obligation was not acquired by them through merger.

COMPLAINT

21. Plaintiff is informed and believes and alleges that by Defendant WELLS FARGO was aware that Plaintiff's mortgage debt obligation had an uncured default in respect to the installment payments and/or was never acquired by merger or acquisition.

22. Plaintiff is informed and believes, and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them caused the above stated foreclosure related documents recorded in the chain of title, misrepresented material information relating to the recorded documents. Plaintiff is informed and believes and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, did not review or determine whether the recorded documents executed in connection with Plaintiff's mortgage debt obligation recorded were accurate and complete based on governing foreclosure laws, and/or competent and reliable evidence.

23. Plaintiff is informed and believes and alleges that there is no evidence of a recorded Assignment of Note and delivery to Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, to evidence the change in the beneficiary. Upon information and belief, Plaintiff alleges there is no recorded unbroken chain of title to Defendants WELLS FARGO and/or Does 1-10, inclusive, and each of them.

//

- 17 -

COMPLAINT

24.  Plaintiff is informed and believes and alleges that the foreclosing trustee substituted by Defendants did not legally substitute the foreclosing trustee who completed the non-judicial foreclosure on July 25, 2014.  Plaintiff is informed and believes and alleges that NDEx was not legally substituted because Defendant WELLS FARGO was not the "beneficiary," "holder in due course," or a "person entitled to enforce," the mortgage debt obligation, Note and Deed of Trust, or who had the legal authority to execute the SOT to give authority to the foreclosing trustee in violation of *Civil Code §2934(a)*.

25.  Plaintiff is informed and believes and alleges the foreclosing trustee was not the proper and legal trustee pursuant to *Civil Code 2934, et seq.* at the time of the sale and therefore the foreclosure that occurred on July 25, 2014 is void as a matter of law and not in compliance with *Civil Code section 2924, et seq.*

26.  Plaintiff is informed and believes and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, violated *Civil Code §2924, et seq.* by commencing and concluding a non-judicial foreclosure sale on July 25, 2014 because they were not the legally authorized "beneficiary," "holder in due course," and/or "person entitled to enforce" the Note and the power of sale contained in the Deed of Trust.

27.  Plaintiff is informed and believes and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, violated *Civil Code §2924, et seq.* by

- 18 -

COMPLAINT

foreclosing on the Subject Property without having the authority to enforce the power of sale contained in the Deed of Trust.  Plaintiff is informed and believes and alleges that because said were not the "beneficiaries," "holders in due course," or a "persons entitled to enforce" the Note and Deed of Trust, they committed illegal and fraudulent activity and acted with willful oppressiveness and malice toward Plaintiff.

28.   Plaintiff is informed and believes and alleges the conduct described above by Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, were malicious because they knew, or should have known, they were not acting on behalf of the current pecuniary beneficiary of the Note and Deed of Trust.  Plaintiff alleges NDEx was not the foreclosing trustee properly substituted.

29.   Upon information and belief, Plaintiff alleges that despite such knowledge, Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, continued to demand mortgage payments and proceeded with enforcing the power of sale contained in the Deed of Trust by foreclosing on the Subject Property on July 25, 2014.

30.   Plaintiff is informed and believes, and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, had actual knowledge of the falsity of the recorded documents related to Plaintiff's mortgage debt obligation.  Plaintiff alleges Defendants knew the true facts were: (1) Plaintiff's original lender WSB

- 19 -

COMPLAINT

was acquired by Wachovia and Wachovia transferred the mortgage debt obligation to the WSR 28 Trust on or before February 26, 2007; (2) Defendant WELLS FARGO did not acquire Plaintiff's mortgage debt obligation through merger or acquisition; (3) that pursuant to U.C.C. *§§3203 et seq., 3302 et seq.* said Defendants could not be a "beneficiary," "holder in due course," or a "person entitled to enforce" the Note and/or the power of sale in the Deed of Trust; and (4) Defendants WELLS FARGO or Does 1-10, inclusive, and each of them, did not have any legal or beneficial interest in the Note or Deed of Trust on or before July 25, 2014.

31.   Plaintiff is informed and believes and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, cause the above stated foreclosing documents to be fabricated so as to make it appear they held a legal or beneficial interest in the Note and Deed of Trust and a legal secured interest in the Subject Property even though said Defendants had actual knowledge of the falsity of the documents related to Plaintiff's Note and Deed of Trust until the present since they knew at the time those documents were executed and recorded the true facts were: (1) Plaintiff's original lender WSB was acquired by Wachovia and Wachovia transferred the mortgage debt obligation to the WSR 2014 Trust on or before February 26, 2007; (2) Defendant WELLS FARGO did not acquire Plaintiff's mortgage debt obligation through merger or acquisition; (3) that

- 20 -

COMPLAINT

pursuant to U.C.C. *§§3203 et seq., 3302 et seq.* said Defendants could not be a "beneficiary," "holder in due course," or a "person entitled to enforce" the Note and/or the power of sale in the Deed of Trust; and (4) Defendants WELLS FARGO or Does 1-10, inclusive, and each of them, did not have any legal or beneficial interest in the Note or Deed of Trust on or before July 25, 2014.

32.   Plaintiff is informed and believes, and alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, violated *Civil Code §2924, et seq.* by foreclosing on the Subject Property without having the authority to enforce the power of sale contained in the Deed of Trust. Plaintiff is informed and believes, and alleges that because Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, were not the "beneficiaries," "holders in due course," or a "person entitled to enforce" the Note, Deed of Trust, or the mortgage debt obligation, they committed illegal and fraudulent activity and acted with willful oppressiveness and malice toward Plaintiff.

33.   Plaintiff is informed and believes and alleges tender of the debt is not required because Plaintiff alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them was not the foreclosing beneficiary and/or the agent of the true beneficiary, owner, holder in due course, or the "persons entitled to enforce" his mortgage debt obligation.

//

- 21 -

COMPLAINT

**SECOND CAUSE OF ACTION – VIOLATION OF U.C.C. §3302, Et Seq.**
[Against Defendant and Doe Defendants]

34.   Plaintiff re-alleges hereby incorporates by reference all preceding paragraphs as though fully set forth hereafter.

35.   Plaintiff alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, violated *U.C.C. §3302*. Pursuant to *U.C.C. §3302(a)(1)*, by operation of law, Defendants were not a holder in due course nor did they negotiate Plaintiff's mortgage debt obligation due to an uncured default and the fact that the mortgage debt obligation not acquired or negotiated by WELLS FARGO.

36.   Upon information and belief, Plaintiff alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, failed to take Plaintiff's mortgage debt obligation by merger, acquisition or for value pursuant to *U.C.C. §3302(a)(2)(A)*.

37.   Upon information and belief, Plaintiff alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, failed to take Plaintiff's mortgage debt obligation in good faith pursuant to *U.C.C. §3302(a)(2)(B)*.

38.   Upon information and belief, Plaintiff alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, failed to take Plaintiff's mortgage debt obligation without notice that there was an uncured default with respect to payment pursuant to *U.C.C. §3302(a)(2)(C)*.

COMPLAINT

39.     Upon information and belief, Plaintiff alleges Defendants WELLS FARGO and Does 1-10, inclusive, and each of them, failed to take Plaintiff's mortgage debt obligation without notice that the instrument contained an unauthorized signature or has been altered pursuant to *U.C.C. §3302(a)(2)(D)*.

## No Tender Required

40.   It has been well established that tender is not required for a claim seeking to set aside a trustee sale on the basis that the sale is void on its face and/or the Plaintiff challenges the ownership of the mortgage debt obligation.  Tender is not required when the foreclosure sale is void, rather than voidable, such as when the Plaintiff asserts that the assignment, merger, or acquisition of the mortgage debt obligation was void or the foreclosing entities lacked authority as in the underlying matter.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays to the Court for judgment against all named Defendants for relief as follows:

1.  On the claim for Wrongful Foreclosure and violation of the U.C.C. an award of general and special damages in an amount to be determined according to proof at trial, but not less than $5,000,000.00;

2.  For punitive and exemplary damages in an amount to be determined to proof at trial;

- 23 -

COMPLAINT

3.    For an order compelling Defendants to remove and/or cancel any instrument which does or could be construed as constituting a cloud upon the Subject Property;

4.    For a declaration of the rights and duties of Defendants for their violation of the laws that governs a nonjudicial foreclosure in the State of California;

5.    For Cancelation of the Trustee's Deed Upon Sale recorded in the San Francisco County Recorder's Office on January 24, 2014 as Instrument No. 2014-J925179-00 and all subsequent recorded documents as a result of the foreclosure;

6.    For reasonable attorney's fees incurred, if any;

7.    For costs of suit; and

8.    For such additional and further relief as the Court may deem proper and reasonable.


DATED:  May 17, 2021

Respectfully submitted by:

_____

Keyhan Mohanna, individually and as Trustee
of the Keyhan Mohanna Revocable Trust Dated
July 8, 2003
Plaintiff

- 24 -

COMPLAINT