UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEYHAN MOHANNA,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 21-cv-03797-DMR

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 9

Plaintiff Keyhan Mohanna, representing himself, filed this case on May 20, 2021. [Docket No. 1 ("Compl.").] He brings claims for wrongful foreclosure and violation of California Commercial Code § 3302 *et seq.* against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Jurisdiction is based on diversity.[1] Wells Fargo moves to dismiss the complaint. [Docket Nos. 9 ("Mot."), 27 ("Reply").] Mohanna opposes. [Docket No. 25 ("Opp.").] The court held a hearing on August 26, 2021. Mohanna did not appear at the hearing.

For the reasons stated below, the motion is granted.

## I. BACKGROUND

The following facts are alleged in the complaint. On December 21, 2006, Mohanna took out a loan from World Savings Bank, FSB ("WSB"). Compl. ¶ 2. The loan was secured by a deed of trust recorded against real property located at 1405 Greenwich Street, Unit #1, San Francisco, CA 94109. *See* Compl. at 10; *id.* ¶¶ 1-3.[2] WSB later became Wachovia Mortgage,

---

[1] The complaint claims that there is federal question jurisdiction under 28 U.S.C. 1331. This is inaccurate since the complaint only alleges state law claims. However, it appears that there is diversity jurisdiction in this case. Plaintiff alleges that he is a citizen of California. Compl. at 4. Wells Fargo Bank, N.A. is a citizen of South Dakota. *See Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014). The complaint prays for damages in the amount of $5,000,000, which exceeds the statutory threshold of $75,000. *See* 28 U.S.C. 1332(a).

[2] Paragraph numbers begin on page 11 of the Complaint.

FSB, which was in turn acquired by Wells Fargo.³ *Id.* at 3, 6; *id.* ¶ 4. However, Mohanna alleges that when Wells Fargo "acquired the remaining assets of Wachovia, it did not include Plaintiff's debt obligation." *Id.* at 6. This is because Wachovia allegedly transferred the debt to a mortgage pass-through certificate prior to Wells Fargo acquiring Wachovia. *Id.* ¶ 4.

Mohanna fell behind in payments on the loan due to the financial crash in 2007 and 2008. Compl. ¶ 8. On February 12, 2010, Wells Fargo recorded a Notice of Default on the loan. *Id.* ¶ 7. Wells Fargo proceeded with a non-judicial foreclosure against the subject property on July 25, 2014. *Id.* ¶ 10. Mohanna asserts that Wells Fargo had no legal right to enforce the deed of trust because it never acquired his loan from Wachovia. *Id.* ¶ 5. He alleges that Wells Fargo negligently and/or fraudulently filed false records in order to complete the foreclosure on the property, even though it knew it was not entitled to enforce the deed of trust. *See id.* at 4; *id.* ¶¶ 30-32. Mohanna also alleges that, despite exercising reasonable diligence, he could not have discovered Wells Fargo's unlawful conduct. *Id.* ¶ 9.

Mohanna brings claims for wrongful foreclosure and violation of California Commercial Code § 3302 *et seq.*

## II.   LEGAL STANDARDS FOR RULE 12(B)(6) MOTIONS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual

---

³ Wells Fargo's request for judicial notice contains documents purporting to show the exact series of transactions that led it to acquire Mohanna's debt. [Docket No. 10 ("Def. RJN").] The court need not decide the extent to which the documents are subject to judicial notice because Mohanna's claims fail on other grounds, as explained below.

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id.* at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

### III.   DISCUSSION

Wells Fargo moves to dismiss Mohanna's claims for wrongful foreclosure and violation of California Commercial Code § 3302. For the reasons explained below, the court finds that

3

Mohanna's claims for wrongful foreclosure and section 3302 are untimely. It is therefore unnecessary to reach Wells Fargo's remaining arguments.

### A.     Wrongful Foreclosure

Under California law, a plaintiff bringing a claim for wrongful foreclosure must establish that "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Sciarratta v. U.S. Bank Nat'l Assn.*, 247 Cal. App. 4th 552, 561–62 (2016) (citation omitted) (cleaned up). The statute of limitations for wrongful foreclosure based on alleged fraudulent conduct is three years. Cal. Civ. Proc. Code § 338(d). A claim brought under section 338(d) "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id.* The tolling of a claim based on a party's lack of knowledge of the factual basis for his claims is known as the "discovery rule." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). "[A] plaintiff discovers, or has reason to discover, a cause of action based on a particular act of wrongdoing by a particular defendant, only when he at least suspects, or has reason to suspect, that act of wrongdoing by that defendant." *Id.* at 812, n. 6 (internal quotation marks and citation omitted).

In this case, it is undisputed that Wells Fargo's alleged wrongful conduct took place more than three years prior to the filing of this complaint. Specifically, Wells Fargo completed a non-judicial foreclosure on the subject property on July 25, 2014, but Mohanna did not file this case until nearly seven years later on May 20, 2021. *See* Compl. ¶ 10. Thus, the only remaining question is whether Mohanna has adequately pleaded that the discovery rule should apply to toll his wrongful foreclosure claim. The court concludes that he has not. The complaint generically alleges that tolling should apply in this case because Mohanna "could not have discovered, and did not discover, and was prevented from discovering, the wrongdoing complained of herein." Compl. at 9. These allegations are entirely conclusory. *See Martinez v. JPMorgan Chase Bank, N.A.*, No. 16-cv-00627 WHA, 2016 WL 1382906, at *2 (N.D. Cal. Apr. 7, 2016) (stating that

conclusory allegations about the discovery rule will not withstand a motion to dismiss). Mohanna's opposition merely repeats the conclusory statements in his complaint. Opp. at 5. Mohanna also does not allege when he discovered the factual basis for his claims or explain whether that discovery happened within three years of filing this case.

Moreover, the record establishes that Mohanna cannot amend his complaint to cure this defect. Mohanna brought a similar action against Wells Fargo in the key period during which he purportedly was unable to discover the facts constituting the alleged fraud by Wells Fargo. On December 10, 2014, Mohanna filed a case against Wells Fargo in the San Francisco Superior Court. Def. RJN, Ex. K. He alleged, among other things, that Wells Fargo wrongfully foreclosed on the subject property. *Id.* at 3, 16. That wrongful foreclosure claim, like the one Mohanna brings here, was also premised on the theory that WSB and its successors and/or assigns transferred the deed of trust for the subject property to a securitized trust before Wells Fargo acquired WSB, and that as a result, Wells Fargo did not hold a valid deed of trust and was not entitled to enforce the security interest on the property. *Id.* at 8, 15-17. Mohanna also alleged that Wells Fargo "acted with malice, oppression and fraud" in conducting a foreclosure sale to which it was not entitled. *Id.* "While the court cannot accept the veracity of the representations" Mohanna made in the 2014 state court case, "it may properly take judicial notice of the existence of those documents and of the representations having been made therein." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012) (taking judicial notice of representations a party made in documents filed in other court proceedings) (internal quotation marks and citation omitted); *see also GG Cap. v. Deutsche Bank AG*, No. 12-cv-02213-JLS, 2014 WL 1672567, at *3 (C.D. Cal. Apr. 28, 2014), *aff'd*, 654 F. App'x 329 n. 3 (9th Cir. 2016) (taking judicial notice of documents filed in a different case "for the existence of the statements made therein, not for the truth of the matters asserted"). Mohanna's allegations in the 2014 case are substantially similar to his factual claims in this case, which definitively undermines his contention that he did not discover the factual basis for his wrongful foreclosure claims within the three-year statute of limitations.

To the extent that Mohanna argues that he "discovered" a new theory of liability against

Wells Fargo, that argument also fails. The discovery rule only applies when a plaintiff cannot, through reasonable investigation, discover "the *underlying facts* to his cause of action," not merely a particular legal theory. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998) (emphasis added); *see also Hopkins v. Wells Fargo Bank, N.A.*, 2014 WL 788790, at *2 (E.D. Cal. Feb. 25, 2014) (stating that California's discovery rule "does not apply merely because a plaintiff was unaware of the legal theory supporting her claim; rather, she must have been unaware of its factual basis" (citing cases)). "[A] plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof — when, simply put, he at least 'suspects . . . that someone has done something wrong' to him." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999) (citation omitted). Plaintiff's prior litigation against Wells Fargo based on the same material facts alleged in this case shows that he knew Wells Fargo did "something wrong" to him well before the statute of limitations ran on his claims. The discovery rule does not protect litigants who sit on their rights. *Id.* at 398. Because Mohanna's assertions regarding the applicability of the discovery rule are conclusory, implausible, and contradicted by judicially noticeable statements, the court concludes that his claim for wrongful foreclosure is time-barred. Amendment of this claim would be futile because the court cannot credit as true any allegations that contradict facts subject to judicial notice. *See Mullis*, 828 F.2d at 1388. Accordingly, Mohanna's claim for wrongful foreclosure is dismissed with prejudice.

### B. Cal. Com. Code § 3302

Mohanna also brings a claim under California Commercial Code § 3302. This statute "allows the authenticity of an instrument to be questioned if the instrument bears evidence of forgery, alteration, or is otherwise irregular or incomplete." *Martineau v. Fed. Home Loan Mortg., Inc.*, 2012 WL 2529416, at *3 (C.D. Cal. July 2, 2012). In this claim, Mohanna appears to assert that Wells Fargo is not a "holder in due course" of the deed of trust as defined under section 3302 and therefore was not entitled to foreclose on Mohanna's property.[4] *See* Cal. Com. Code §

---

[4] An entity is a "holder in due course" of an instrument when "(1) [t]he instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity" and (2) the holder

6

3302(a).

Assuming without deciding that a private right of action exists under section 3302,[5] the claim is untimely. Mohanna's section 3302 claim is essentially a predicate to his wrongful foreclosure claim, which the court found to be time-barred. In other words, even if Wells Fargo was not entitled to enforce the deed of trust because it was not a "holder in due course," Mohanna still cannot challenge the foreclosure because the statute of limitations on that claim has passed. This is sufficient to dismiss the section 3302 claim with prejudice.

The court further notes that California law does not require a party to be a "holder in due course" in order to bring a nonjudicial foreclosure pursuant to a deed of trust. *See Koenig v. Bank of Am.*, N.A., 2016 WL 8731110, at *2 (E.D. Cal. Mar. 18, 2016), *aff'd*, 714 F. App'x 715 (9th Cir. 2018), *and aff'd*, 714 F. App'x 715 (9th Cir. 2018) ("[T]he requirements for holder in due course status is set out in Cal. U. Com. Code § 3302 but that provision is not applicable to non judicial foreclosure."); *Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433, 440, (2012) ("Plaintiff's reliance on the California Uniform Commercial Code provisions pertaining to negotiable instruments is misplaced. The comprehensive statutory framework established in sections 2924 to 2924k to govern nonjudicial foreclosure sales is intended to be exhaustive." (cleaned up)).

Accordingly, to the extent it exists, Mohanna's claim for violation of section 3302 fails because it is untimely. Because Mohanna cannot allege additional facts to cure this defect, it is dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Wells Fargo's motion to dismiss is granted and the case is dismissed with prejudice. The Clerk shall enter judgment for Wells Fargo and against Mohanna and close this case.

---

took the instrument for value, in good faith, and without notice of defects. Cal. Com. Code § 3302.

[5] At least one court has concluded that there is no private right of action for a violation of section 3302. *Alford v. Wachovia Bank/World Sav. Bank*, 2010 WL 415260, at *12 (E.D. Cal. Jan. 26, 2010).

**IT IS SO ORDERED.**

Dated: September 8, 2021



_____
Judge Donna M. Ryu
United States Magistrate Judge